

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-75,908 & AP-75,909

### EX PARTE SANTIAGO TELLES ROSALES, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 0417619 & 0417620 IN THE 8TH DISTRICT COURT FROM HOPKINS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and attempted sexual assault, and sentenced to eight and six years' imprisonment, respectively.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file notices of appeal. We remanded these applications to the trial court for findings of fact and conclusions of law.

On remand, the trial court ordered counsel to submit an affidavit in response to Applicant's claim. Finding counsel's affidavit credible, the trial court concluded that Applicant consulted with counsel and was advised of his right to appeal but failed to request the appointment of appellate counsel. The trial court recommended that we deny. We disagree. "[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal . . . ." *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). According to the record, counsel was retained by Applicant's employer, who was "noncommital about an appeal" despite Applicant's wish to appeal. Counsel's duties, however, were not dependent on whether Applicant's employer intended to retain counsel on appeal. "[T]hat retained counsel did not intend to handle the resultant appeal does not justify his failing to assist his allegedly indigent client in giving notice of appeal." *Axel*, 757 S.W.2d at 374.

We hold that counsel failed to timely file notices of appeal. Accordingly, Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. 0417619 and 0417620 from the 8th Judicial Court of Hopkins County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: April 30, 2008
Do Not Publish